**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE EDUARDO DURAN-ORTIZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   14-73422

Agency No. A089-926-009

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Jose Eduardo Duran-Ortiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Duran-Ortiz does not challenge the BIA's dispositive finding that his asylum application was untimely and that he failed to establish changed or extraordinary circumstances to excuse his untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Thus, we deny the petition for review as to asylum.

Substantial evidence supports the BIA's finding that Duran-Ortiz is not entitled to withholding of removal because he failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Finally, substantial evidence also supports the BIA's denial of CAT relief because Duran-Ortiz failed to show that it is more likely than not that he would be tortured upon his return to Mexico. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**